# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANIBAL GEOVANNI FILIPPI,<br><br>　Plaintiff<br><br>v.<br><br>JERALD YOUNG THOMPSON, RMD TRUCKING INC.,<br><br>　Defendants | Case No.: 2:24-cv-01905-APG-EJY<br><br>**Order Rejecting Proposed Joint Pretrial Order**<br><br>[ECF No. 16] |

The parties' proposed Joint Pretrial Order (ECF No. 16) does not comply with Local Rules 16-3 in several ways, so I reject it and order the parties to meaningfully confer and try again.

In their exhibit list, the defendants repeatedly list "documentation concerning plaintiff received from" various entities. ECF No. 16 at 3-5. This violates Local Rule 16-3(b)(8), which requires parties to "describe the exhibits sufficiently for ready identification . . . ." Moreover, the parties list many of the same exhibits, yet they do not stipulate to their admissibility. Local Rule 16-3(b)(8)(B) states that "[s]tipulations on admissibility, authenticity, and/or identification of documents should be made whenever possible . . . ." Both parties list boilerplate, generic objections to all of each other's exhibits, without identifying which objection applies to which exhibit. This violates Local Rule 16-3(b)(8)(B), which requires parties to "[l]ist those exhibits to which objection is made and state the grounds for the objection."

As for witnesses, the defendants list "Custodian of Records and/or Person Most Knowledgeable for" several entities, while the plaintiff lists "FRCP 30(b)(6) Representative and/or Custodian of Records for" many, if not all, of the same entities. *Id*. at 10-27. First, if the

parties can stipulate to authenticity of exhibits, then presumably no Custodians of Records would be needed. Second, if the parties still do not know the identities of the treating physicians and other witnesses they intend to call at trial, then they likely are not ready for trial.

The defendants state that they may offer the deposition transcripts of two witnesses. *Id.* at 8. But they do not designate the specific portions of those transcripts by page and line numbers as required by Local Rule 16-3(b)(10). This precludes the plaintiff from listing its objections to those designations as required by Local Rule 16-3(b)(11).

Finally, the proposed form of order (*Id.* at 30-32) does not comply with Local Rule 16-4.

Local Rule 16-3(b) requires the parties to "personally discuss settlement and prepare" the joint pretrial order. Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. Such tactics prevent full participation in settlement discussions and deprive the other side the ability to efficiently prepare for trial. It is apparent from the proposed Joint Pretrial Order that the parties ignored Local Rule 16-3.

I THEREFORE ORDER that the parties' Joint Pretrial Order (**ECF No. 16) is REJECTED.** The parties shall confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rules 16-3 and 16-4 by October 2, 2025.

DATED this 9th day of September, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE